JUDGE SIMPSON
delivered the opinion oi? the court1:
The 473d section of the Code of Practice declares, that no suit shall be brought against a personal representative until after a demand is made of him, accompanied with the affidavit required by the provisions of the 35th and 3Qth sections of article 2, chapter 37, of the Revised Statutes.
■ In the case of Thomas’ executor vs. Thomas, (15 Ben. Monroe, 178,) it was decided that it was unnecessary to state in the petition that such a demand had been made of the defendant, accompanied with the proper affidavit, before the commence-taent of the action. But if no such demand and affidavit had been made, the defendant might proceed by a rule against the plaintiff, to have the action dismissed without prejudice.
*25 In this case a rule against the plaintiff was obtained for that purpose, after the action had been commenced, and thereupon the plaintiff, having admitted in a response to the rule that no such demand of payment, accompanied with an affidavit, had been made before the institution of the action, filed an amended petition, in which he alleged that he had, since filing the original petition, demanded payment of the executor, and accompanied the demand with the proper affidavit, which he filed with his amended petition.
The court below, however, notwithstanding the demand had been thus made, proceeded to enforce the rule, and entered a judgment, dismissing the plaintiff’s petition without prejudice.
The correctness of this decision of the court is the first question to be considered. The declaration contained in the Code of Practice, that no suit shall be brought against a personal representative until after a demand is made of him, accompanied with the affidavit required, is imperative. To permit a suit which had been thus brought to be maintained, by showing that this requisition of the law had been subsequently complied with, would be an obvious violation of the provision of the Code of Practice just referred to. Unless, therefore, there be some very cogent reason why this should be allowed to be done, the conclusion that it is wholly inadmissible is clearly unavoidable. No such reason has been suggested, nor are we able to perceive any. The action having been improvidently commenced, without the necessary preliminary steps having been taken, it is evident that the plaintiff should be required to pay the costs that have accrued in its prosecution. Having incurred this liability, his action might as well be dismissed, and a new one be brought by him, as to allow him to proceed by an amended petition. And as the proceeding first mentioned would be a compliance with the law, it should be adopted, in preference to that which would be inconsistent with its express provisions.
Where the personal representative appears, and answers to the merits, without alleging the omission of a proper demand with an affidavit, it may be an implied admission that the law in that respect has been complied with by the plaintiff. In this *26 ease one of tbe defendants bad filed an answer before the rule was awarded; but as he was not an executor, his failure to make the objection did not deprive the other defendant, who was the executor, of the right to do it. The court below, therefore, correctly decided that the action against the executor should be dismissed without prejudice.
But as the suit was brought on a guardian’s bond, not only against the executor of the guardian, but also against the sureties in the guardian’s bond, the question arises, was it right upon this ground to dismiss the action, so far as relief was sought against the other defendants ?
By the 39th section of the Code of Practice, the plaintiff had the option, to bring his action against all or any of the defendants. He could, therefore, have dismissed it as to part of the defendants, and have proceeded against the others alone. And as he had this right, and the cause for dismissing it, so far as the executor was concerned, did not apply to the sureties in the bond, the court erred in dismissing the whole action, but should, after having dismissed it as against the executor, have allowed the plaintiff to proceed in it against the other defendants. If the plaintiff’s action could not have been maintained against the sureties alone, then a dismissal of the whole action without prejudice would have been proper; but as his right to bring a separate action against the sureties, under the provisions of the Code of Practice, is clear and unquestionable, the judgment of the court is erroneous.
As the estate of the principal will be ultimately liable for the debt, and as the statutory provision relied on by the executor is intended for the protection of the testator’s estate, it is argued that its object will be in a great measure defeated by allowing an action to be maintained against the sureties, where the requisitions of the statute have not been complied with. In answer to this argument, it is sufficient to remark, that the statutory provision referred to only applies to an action against a personal representative, and not to any other person; and that the sureties have the right to interrogate the plaintiff in relation to all the matters about which he is required to speak in his affidavit, where he demands payment of the executor. *27 So that tbe plaintiff can acquire no advantage, nor the estate sustain any injury, by permitting the action to be brought against the sureties, without an affidavit on the part of the plaintiff, provided the sureties avail themselves of their right to require it to be made before judgment, in answer to interrogatories propounded by them for that purpose. And as the adopr tion of such a mode of proceeding may be necessary for their own protection, self-interest will be very apt to prompt them to pursue it.
Wherefore the judgment is reversed, and cause remanded that a judgment may be rendered on the rule as herein indicated, and for further proceedings against the sureties. Mitchell’s estate will not be liable for any of the costs in this court.