### COMMONWEALTH *vs.* LAWRENCE J. MACKAY.

Suffolk.     November 19, 1900. — January 2, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

A complaint charged that the defendant "did keep set up and promote a certain lottery" in a certain building, without alleging that the lottery was kept or promoted for money or other thing of value. *Held*, that, if the complaint was defective, the defect was formal and could not be taken advantage of by the defendant by motion in arrest of judgment after trial and conviction.

COMPLAINT, charging the defendant with setting up and promoting a lottery in a certain building in Boston. At the trial in the Superior Court, before *Stevens*, J., the defendant was found guilty, and, after verdict, filed a motion in arrest of judgment, " on the ground that the complaint does not charge the defendant with any offence punishable by law." This motion was overruled; and the defendant appealed.

Pub. Sts. c. 209, § 1, provides that " Whoever sets up or promotes a lottery for money, or by way of lottery disposes of any property of value, real or personal," etc., shall be punished as therein provided.

It was contended for the defendant that no offence was alleged, as it was not stated that the lottery was kept or promoted for money or other thing of value.

The language of the complaint was as follows: " That Lawrence J. Mackay of said Boston, on the ninth day of February,

in the year of our Lord one thousand nine hundred, at said Boston, and within the judicial district of said Court, with force and arms, did keep, set up, and promote a certain lottery in a certain building situated and numbered eighty-two in Cabot Street in said city and district, against the peace of said Commonwealth, and the form of the statute in such case made and provided."

*T. Von Rosenvinge,* for the defendant.

*J. D. McLaughlin,* Second Assistant District Attorney, for the Commonwealth, submitted the case on a brief.

HAMMOND, J. Both in the popular and legal sense, the word "lottery" signifies a scheme for the distribution of prizes by chance. Cent. Dict. "Lottery." Bouvier's Law Dict. "Lottery."

Pub. Sts. c. 209, § 1, forbids the setting up of a lottery for money, or other thing of value, and while the complaint may be defective in form in not saying that the lottery was for money or other thing of value, *Commonwealth* v. *Horton,* 2 Gray, 69, the term is broad enough to include such a lottery, and, after trial and conviction, it is to be assumed that the evidence warranted a conviction of setting up an illegal lottery within the terms of the statute. Such an offence was within the jurisdiction of the court.

The defendant, having gone to trial upon the defective complaint, cannot now take advantage of the defect by motion in arrest of judgment. Pub. Sts. c. 214, § 27. For further legislation as to lotteries, see St. 1892, c. 409 ; St. 1895, c. 419, §§ 1, 2, 3, 8, 9.

*Motion in arrest of judgment overruled.*