### Eliza Dean *vs.* Hannah V. Ross.

Plymouth.   January 8, 9, 1901. — April 2, 1901.

Present: Holmes, C. J., Knowlton, Morton, Barker, & Loring, JJ.

In an action for a conversion, the omission from the declaration of an allegation of the plaintiff's possession cannot be taken advantage of after verdict for the plaintiff on a motion for arrest of judgment, as the objection does not affect the jurisdiction of the court as required by Pub. Sts. c. 167, § 82. Moreover, in this case, there was evidence that the property converted belonged to the plaintiff, and the judge in his charge assumed this fact without objection from the defendant.

In an action for the conversion of bonds, there was evidence, that the defendant falsely represented to the plaintiff that the spirit of the plaintiff's deceased husband spoke to her through the defendant as a medium, telling her to give the bonds to the defendant; that the plaintiff believed the representation and relying on it gave the bonds to the defendant; and that the deception was successfully kept up until a year before the action was brought, although some of the bonds had been delivered more than six years before the date of the writ. *Held*, that this evidence would warrant a jury in finding that there was a fraudulent concealment of the cause of action under Pub. Sts. c. 197, § 14, and that the plaintiff could bring her action at any time within six years after she discovered that she had been duped. A defendant, who has fraudulently brought the plaintiff under such a delusion, cannot set up that the plaintiff had means of ascertaining the truth.

In an action for the conversion of fifteen bonds of a certain company, evidence that the plaintiff paid par for three of the bonds and that the other twelve were of the same issue is sufficient to warrant the jury in finding that all of the bonds were worth par.

In an action for the conversion of bonds found by the jury to have been obtained from the plaintiff by fraudulent representations of the defendant that the spirit of the plaintiff's deceased husband through the defendant as a medium directed the plaintiff to deliver the bonds to the defendant, the defendant cannot take the ground, that the deception was so obvious that the plaintiff, who found it out after many years, ought to have found it out before and therefore cannot rely on having been deceived by it.

TORT for the alleged conversion by the defendant of fifteen bonds for $500 each of the United States Electric Lighting Company at various times from June, 1891, to September, 1893. Writ dated August 26, 1897.

The answer contained a general denial and pleaded the statute of limitations.

At the trial in the Superior Court, before *Bond*, J., it appeared by the plaintiff's evidence that she delivered the bonds to the defendant from time to time under what purported to be directions from the spirit of her deceased husband speaking through the defendant as a medium. The facts are sufficiently stated in the opinion of the court.

At the close of all the evidence, the defendant asked the presiding judge for certain rulings and instructions to the jury, including the following:

1. Upon all the evidence under the pleadings in this case the plaintiff cannot recover.

6. Upon all the evidence any claim for right to recover is barred by the statute of limitations as to conversions before August 27, 1891.

8. If the jury find that any bond or bonds were delivered to the defendant by the plaintiff and the plaintiff was induced by the defendant to make such delivery by representation or statement that she, the defendant, had received from the spirit of the deceased husband of the plaintiff, a message or messages directing, commanding, or advising such delivery, and that such representation or statement was the sole inducement to such delivery, the plaintiff cannot recover.

9. If the representation or statement so made was such representation and statement as would not be believed by any person of ordinary intelligence and understanding, the plaintiff cannot recover.

The judge refused to give the rulings numbered 1 and 6 ; and as to the rulings numbered 8 and 9, instructed the jury as follows :

" If there was a message received from the husband, and the defendant simply delivered the message, believing it to be true, to this plaintiff, why then that would not be any false statement with reference to the transaction ; that would be a true statement, and I meant you to understand that then the plaintiff could not recover, if that was a fact and that was a real communication. What I meant to have you understand was, that if there was no communication, if the papers which were written purporting to contain messages from the husband were no messages from the husband, but were papers prepared by the defendant, pretending to be messages from the husband, then they were really communications of the defendant to the plaintiff for that purpose of deception and fraud. If there was a real message, and that was communicated, and that took the property, then the plaintiff is not entitled to recover."

After consultation with the defendant's counsel, the judge added :

" I understand now the position of the defendant to be this : that if there was this message, and it pretended to be a message on the part of the defendant from the plaintiff's husband, if there was really no such message, and if that was made up by the defendant, and communicated to the plaintiff, and the plaintiff did not rely upon it, did not believe it, ought to have known that there was no such message, why then the money, as I have

already said to you, was not obtained on the part of the defendant through the plaintiff relying on the false statement that was made. I meant to have you understand all the way through that there must not only be a statement, which must be false, which must be known to be false by the party who makes it, which must be made with the intention of deceiving, but that the party to whom it was made must deliver the property relying on the truth of the statement; and, of course, if the plaintiff knew there was no such message, and knew there could not be such a message, and was not deceived by it, and yet delivered over the property not relying upon the truth of the statement as to the message, she is not entitled to recover. You must find that the plaintiff believed that this was a message, communicated to her, from her deceased husband. If she relied upon that, and relying upon it, turned over the property, then she may recover, provided all the other elements in the case are made out as I have stated."

The jury returned a verdict for the plaintiff in a lump sum for the value of all the bonds alleged to have been converted, with interest from the time of their conversion; and the defendant alleged exceptions, which are stated in the opinion of the court.

*Asa P. French,* for the defendant.

*R. W. Gloag,* for the plaintiff.

LORING, J.    1. The defendant's first contention is that she is entitled to have judgment arrested because it is not alleged in the declaration that the plaintiff owned or was in possession of the bonds which it is alleged that the defendant converted to her own use.    But such an objection is taken too late; it does not go to the jurisdiction of the court. *Commonwealth* v. *Mackay,* 177 Mass. 345. The case of *Carlisle* v. *Weston,* 1 Met. 26, relied on by the defendant, was decided before it was provided by statute that no motion in arrest of judgment should be allowed unless it is for a cause which affects the jurisdiction of the court. St. 1852, c. 312, § 22.   Gen. Sts. c. 129, § 79.   Pub. Sts. c. 167, § 82.    Moreover in this case the fact appeared in evidence, which did not appear in *Carlisle* v. *Weston,* namely, that the property converted belonged to the plaintiff; and in addition to that, in this case it was assumed in the charge of the judge that

the bonds were confessedly the property of the plaintiff, and to that statement the defendant made no objection.

2. The sole question raised by the defendant's exceptions to the refusal to give the second and sixth rulings asked for, is the question whether there was evidence on which the jury would have been warranted in finding under proper instructions that the cause of action for converting the six bonds delivered to the defendant in June, 1891, was not barred by the statute of limitations. It does not appear whether any instructions were or were not given to the jury on the point. We think that there was evidence on which the jury would have been warranted in finding under proper instructions that there was a fraudulent concealment of the cause of action. The plaintiff's case was that the defendant falsely represented to her that the spirit of her departed husband spoke to her through the defendant, that she believed the representation and relied on it, and relying on it gave the bonds to the defendant. Under the instructions of the court the jury must have found that this was a deception. According to the plaintiff's evidence the deception was kept up until a year before the suit was begun. The only evidence as to the time when the plaintiff's eyes were first opened to the fact that there was a deception is her testimony that she had her last spiritual séance in 1896; in that séance the defendant pretended to act as a medium through whom the plaintiff was conversing with her dead husband, and the plaintiff testified: " I said, ' You have taken everything from me, and have given it to the medium.' ' Well,' he said, ' if I had as much again I would give it to the medium.' " The plaintiff further testified: " ' Don't you tell me,' I said, ' that it is Mr. Byron. That is never my husband talking, nor is it a spirit. That is Mrs. Ross herself.' "

We do not agree with the defendant's contention that if a defendant, who falsely represents that the spirit of a dead husband speaks through the defendant's lips, and thereby obtains the plaintiff's property, is successful in continuing the deception for six years next after the last cent of the plaintiff's property has been obtained, the plaintiff is without remedy when her eyes are opened; on the contrary we are of opinion that in such a case there is concealment of the fraud, and the

plaintiff can sue within six years after she discovers that she has been duped. *Manufacturers' National Bank* v. *Perry*, 144 Mass. 313; and see *Graham* v. *Stanton*, 177 Mass. 321. It does not lie in the mouth of a defendant who has fraudulently succeeded in bringing a plaintiff under such a delusion to set up that the plaintiff had means of ascertaining the truth within the rule of *Farnam* v. *Brooks*, 9 Pick. 212, 244, relied on by the defendant.

3. The evidence that the plaintiff bought three of the bonds and paid par for them was evidence that they were worth par; the evidence that the other twelve were bonds of the same issue, coupled with that evidence, was sufficient to warrant a finding that they also were worth par.

4. The defendant's last two contentions are that no one can say that spirits do not speak through mediums, and that if the deception was so obvious that the plaintiff ultimately found it out she cannot rely on having been deceived by it but ought to have found it out before. As to the first contention it is enough to say, without going further, that the defendant did not rest her case on the truth of her representations that the plaintiff's dead husband spoke to the plaintiff through her, the defendant, but on the flat denial of the whole story told by the plaintiff; and of the second contention it is enough to say that the defendant made the representations to the plaintiff immediately after the death of her first husband, and her eyes seem to have been opened at or about the time she was married to her second husband.

*Exceptions overruled.*