JOHN MᶜMANUS *vs.* SAMUEL B. THING & others.

Suffolk.    December 9, 1908. — May 19, 1909.

Present: KNOWLTON, C. J., MORTON, HAMMOND, BRALEY, & RUGG, JJ.

*Negligence,* In use of elevator, Licensee, Proximate cause.  *Elevator.  Usage,* Right
existing by customary practice.  *Practice, Civil,* Conduct of trial, Setting aside
special finding, Verdict.

In a business building, in which there is a freight elevator for the common use of
all the tenants and their employees, a practice or custom existing in the build-
ing, which gives the servant of any tenant who is using the elevator in his mas-
ter's business the right to use it exclusively until his use of it is completed, is
not unlawful or improper, and may be taken into account in passing upon a
question of negligence in the use of the elevator by a servant of one of the
tenants.

In a business building, in which there is a freight elevator for the common use of
all the tenants and their employees, a practice or custom existing in the build-
ing, which gives the servant of any tenant who is using the elevator in his mas-
ter's business the right to use it exclusively until his use of it is completed, if a
servant of one of the tenants is thus using the elevator and before the comple-
tion of such use complies with the request of the servant of another tenant to
allow him to come upon the elevator with a heavy crate for transportation to
one of the upper floors, the last comer is a mere licensee, and the master of the
man who permitted him to enter the elevator before completing his own use of
it owes him no duty except not to injure him by a wilful or wanton and reckless
act, even if the servant of such master was acting within the scope of his em-
ployment when he turned aside from his own work to accommodate and assist
the servant of the other tenant.

In an action for personal injuries alleged to have been caused by the negligence of
a servant of the defendant, if there is no contention and nothing to show that
the plaintiff and the defendant's servant were fellow servants, it is proper for
the judge to refuse a request of the plaintiff for a ruling, that, not being fellow
servants, the plaintiff did not assume the risk of being injured by the negligence
of the defendant's servant, there being no occasion for making such a ruling.

In an action for personal injuries alleged to have been caused by the negligent
starting of a freight elevator in a business building by a servant of the defend-
ant, a tenant in the building, it appeared that the elevator was maintained for
the common use of all the tenants and their employees and that there was a
practice or custom existing in the building, which gave the servant of any ten-
ant who was using the elevator in his master's business the right to use it exclu-
sively until his use of it was completed.  The plaintiff was a servant of another
of the tenants who came upon the elevator with a heavy crate, and the evidence
was conflicting as to whether the servant of the defendant, who had been using
the elevator to take down some cases of rubbers for shipment, was continuing
its use in taking back three cases of rubbers because they were badly broken,
and was in possession of the elevator when the plaintiff asked permission to
bring the crate upon it, or whether, as the plaintiff testified, he found the ele-

vator empty and had loaded the crate upon it when the defendant's servant came upon the elevator and started it, and the plaintiff's foot was caught. The plaintiff asked the presiding judge to rule that if the defendant's servant " kept the elevator at the street level for more than a reasonable time after unloading his goods, the plaintiff had a right to take the elevator to carry his goods to an upper floor." The judge refused to make this ruling on the ground that there was no evidence to show that the defendant's servant kept the elevator an unreasonable time after unloading. There was, in fact, evidence for the defendant which, if believed, would have warranted a finding that the defendant's servant had possession of the elevator and had detained it for an unreasonable time. *Held*, that, although, if the reason given for the refusal of the ruling were the only ground on which it could be upheld, such refusal could not be sustained, yet the ruling was refused rightly on other grounds, namely, that the keeping of the elevator at the street floor by the defendant's servant was not and could not be found to be the proximate cause of the accident, which was the alleged negligent starting of the elevator by the defendant's servant, the fact that the defendant's servant had kept the elevator at the street level for an unreasonable length of time after unloading it, if he did so, being one of the conditions under which the accident occurred but not a cause of it, and that such detention of the elevator did not give the plaintiff a right to take possession of it before the use of it by the defendant's servant was completed.

In an action, in which there has been a verdict for the defendant and the plaintiff has made a motion asking the judge to set aside the general verdict and also to set aside the answers of the jury to certain questions submitted to them by the judge, the judge may set aside one of the special findings of the jury, which there was no evidence to warrant, and at the same time permit the general verdict to stand, where there is no inconsistency in doing so.

Where there is a general verdict and there are also special findings, which are not inconsistent with one another or with the verdict, the question whether the verdict should be set aside is a matter within the discretion of the presiding judge.

MORTON, J. This case was previously before this court, as reported in 194 Mass. 362, on the defendants' exceptions, which were sustained. There was a second trial and the defendants had a verdict. The case is now here on the plaintiff's exceptions to the refusal of the presiding judge * to instruct as requested, to certain instructions that were given, to the setting aside on the defendants' motion of one of the answers made by the jury to questions put to them by the judge, and to the refusal of the judge to set aside the verdict and certain other answers on the plaintiff's motion. The judge certified that he overruled the plaintiff's motions in the exercise of his judicial discretion.

The parties were widely at issue as to the circumstances attending the accident, including the respective rights of the

---

* *Sherman, J.*

plaintiff and Redding to the use of the elevator at the time of the accident. The plaintiff testified in substance that the elevator was empty and that there was no one in it, and that he had loaded on to it a heavy crate which he was going to take to one of the upper floors, when Redding came on to the elevator, and, without saying anything to the plaintiff, started it, and the elevator caught the plaintiff's foot, causing the injury complained of. The plaintiff testified on cross-examination that if any one (meaning one of the tenants or their employees) was in possession of the elevator and was using it, he had a right to keep it and to use it until he was through with it and no one had a right to interfere with him. Redding's testimony was, in substance, that he had loaded on to the elevator and taken down to the street level a number of cases of rubbers, which he had unloaded with the exception of three cases that were so badly broken that he was going to take them back again, and had started the elevator up when the plaintiff jumped on as it was moving, and cried out, "Wait, stop," which he did; that the plaintiff then requested him to return to the street which, after remonstrance, he also did; and that the plaintiff loaded the crate on to the elevator and he, Redding, asked him if it was "all right," and the plaintiff answered "Yes"; and that then he, Redding, pulled the rope to go up and the elevator started and the accident immediately happened. Redding further testified, in substance, that the practice in regard to the use of the elevator was the same as that to which the plaintiff had testified. One Sawyer, called by the defendants, testified to the same effect. We have stated the substance of all the testimony that there was in regard to that matter. The defendants contended that Redding had the exclusive right to the use of the elevator at the time of the accident, and that the plaintiff was a licensee or trespasser, and was not there as of right. The plaintiff contended that he was rightfully on the elevator, even if the defendants' goods were upon the elevator and the defendants' servant was using it.

It was undisputed that the elevator was for the common use of all of the tenants of the building and their employees, and but for the practice or custom which existed the plaintiff's contention would be sound. But the effect of the practice which

existed was to give to the servant of any tenant, who was using
the elevator in his master's business, the exclusive right to use
it until the business was finished, and to render the use or at-
tempted use of it meanwhile by another permissive or wrongful.
Understanding, as we do, that the practice was limited to the
use of the elevator in the business of the tenants, it cannot be
said, we think, that it was not a lawful and proper custom, and
that it could not rightfully be taken into account by the jury in
passing upon the question of the defendants' alleged negligence.

It also follows that the instruction objected to that if the jury
found that Redding was using the elevator and had not finished
using it, and the accident happened as he testified, then the plain-
tiff was a licensee and the defendants owed him no duty, and the
plaintiff could not recover, was, under the circumstances, correct.
It was not and is not contended that there was any evidence war-
ranting a finding that Redding acted wilfully or wantonly and
recklessly.

It follows also that the instructions in regard to the question
whether at the time of the accident Redding was acting within
the scope of his employment were correct. The plaintiff indeed
concedes in effect that they were, if the plaintiff was in posses-
sion of the elevator and Redding had as against him no right
to use it until the plaintiff had finished using it. It was rightly
left to the jury to determine whether Redding was or was not
acting within the scope of his employment at the time of the
accident if, as the plaintiff testified, Redding came into the
elevator when he, the plaintiff, was in possession of it and
started it up without saying anything to him, or if, being in pos-
session of it and having a right to use it in his master's business,
instead of doing so he turned aside, as it were, to accommodate
and assist the plaintiff, and the accident happened while he was
so engaged. *Bowler* v. *O'Connell*, 162 Mass. 319. *Driscoll* v.
*Scanlon*, 165 Mass. 348. *Brown* v. *Jarvis Engineering Co.* 166
Mass. 75.

In view of what we have said it is plain that the third instruc-
tion requested, that " the defendants had no exclusive right to
use the elevator," was rightly refused, if, by it, was meant that
under no circumstances would the defendants have the right to
the exclusive use of the elevator. That was one of the matters

in issue. If by it was meant that the defendants had not the sole right to use the elevator, then no such right was claimed by any one and the ruling was rightly refused for that reason.

For similar reasons the fourth instruction requested by the plaintiff that " The defendants had no right to interfere with the use of the elevator by the plaintiff " could not be given. To have given it would have been, in effect, to instruct the jury that at the time of the accident the plaintiff was using the elevator as of right, which was denied by the defendants.

There was no contention and nothing to show that the plaintiff and Redding were fellow servants, and therefore the instruction requested that not being fellow servants " the plaintiff did not assume the risk of being injured by Redding's negligence," was uncalled for and rightly refused.

The fifth request was that " If Redding kept the elevator at the street level for more than a reasonable time after unloading his goods, the plaintiff had a right to take the elevator and run it to carry his goods to an upper floor." This was refused on the ground that there was no evidence to show that Redding kept it an unreasonable time after unloading. But the plaintiff testified that there was no one on the elevator when he entered it, and that no person had been using it for fifteen or twenty minutes. One Bagley, a witness for the defendant, testified on direct examination that he was helping Redding to take goods from the elevator and was loading them on to a team in the street. On cross-examination he testified that he lost sight of Redding and did not see him in the elevator for at least five or ten minutes before the accident. And Redding testified, amongst other things, that he had unloaded all of the goods that he took down except three cases which were badly broken and which he was going to take back and had placed on one side of the elevator for that purpose. This evidence, if believed, would have warranted a finding that Redding had possession of the elevator and had detained it for an unreasonable time, and, if the reason given for refusing the ruling were the only ground on which it could be upheld, the exceptions would have to be sustained. There is, however, another ground on which we think the instruction requested was rightly refused. The keeping of the elevator at the street floor by Redding an unrea-

sonable time after he had unloaded it was not and could not be found to be the proximate cause of the accident. The cause of the accident was the alleged negligent starting of the elevator by Redding. The fact that he had kept the elevator at the street level an unreasonable length of time after unloading it was one of the conditions under which the accident occurred, not the cause or one of the causes of it, and the fact, if it was a fact, that Redding kept the elevator an unreasonable time gave the plaintiff no right to enter and dispossess him. On these grounds the refusal to give the instruction requested was right.

No exception was saved by the plaintiff, as we understand the case, to the refusal to give the sixth instruction that was requested.

If any exception lies to the action of the judge upon the plaintiff's motion to set aside the verdict and upon his motions to set aside the answers of the jury to certain of the questions that were put to them, we see no error of law in what was done. There was no evidence to warrant a finding that both the plaintiff and Redding had a right, according to the custom, to use the elevator at the same time, and the judge had a right to set aside the jury's answer to the question involving that issue and at the same time to permit the general verdict in favor of the defendant to stand. *Monies* v. *Lynn,* 119 Mass. 273.

Whether the verdict should be set aside, and also the other answers to which the plaintiff's motions related, was a matter within the discretion of the presiding judge. *Perry* v. *Shedd,* 159 Mass. 200. There was no inconsistency in the answers that were allowed to stand or between them and the verdict.

*Exceptions overruled.*

*C. Reno,* for the plaintiff.

*E. E. Blodgett,* (*F. W. Eaton* with him,) for the defendants.