### Fox v. Hudson's Admr.

(Decided October 28, 1910.)

### Appeal from Boyle Circuit Court.

Actions—Parties to Actions—Jurisdiction—Executors and Administrators—Necessity for Demand.—Plaintiff sued in Boyle circuit court on a note executed to her by the firm of L. W. & A. B. Hudson, the latter being dead at the time, and Lillie B. Hudson being his executrix. Summons was served on L. W. Hudson

in Boyle county and on Lillie B. as executrix of A. B. Hudson, deceased, in Fayette county, where she resided. Lillie B. filed an answer and affidavit of no demand on her as executrix, and her name was stricken from the petition as a party defendant, and the petition dismissed with out prejudice. Later, plaintiff filed an amended petition, making Lillie B. as executrix of A. B. Hudson, deceased, a party defendant, which was served on her in Fayette county, to which the court sustained a special demurrer on the ground of no jurisdiction. Held, it was not necessary to make a demand on Lillie B. to maintain the suit against L. W. Hudson, and she is not prejudiced or in any way affected by the fact that the demand was made on her before L. W. Hudson was sued, and the court erred in quashing the summons and in sustaining a special demurrer to the amended petition.

FOX & JACKSON for appellant.

STOLL & BUSH for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

This suit was instituted by Mary M. Fox in the Boyle circuit court on a note for $2,000 executed to her by L. W. Hudson and A. B. Hudson & Co., the latter being a firm composed of A. B. Hudson and L. W. Hudson. A. B. Hudson was dead at the time the suit was brought, and Lillie B. Hudson was his executrix. L. W. Hudson and Lillie B. Hudson as executrix of A. B. Hudson, were made defendants to the action. The summons was served on L. W. Hudson in Boyle county and on Lillie B. Hudson in Fayette county where she resided. No demand had been made of the executrix accompanied by proper affidavit as required by statute before the suit was brought, and she filed an answer setting up this fact. After the answer was filed the case, on April 24, 1909, upon the plaintiff's motion was dismissed without prejudice as to Lillie B. Hudson as executrix of A. B. Hudson, and her name was stricken from the petition as a party defendant. On April 30th, 1909, the plaintiff filed an amended petition in which she made Lillie B. Hudson as executrix of A. B. Hudson, deceased, a party defendant to the suit. A summons was issued upon the amended petition which was served upon her in Fayette county. On June 7, she entered a motion to quash the summons, and filed a special demurrer to the petition as amended, also an affidavit showing that she lived in Fayette county. The court sustained the motion

to quash the summons, and sustained the special de-murrer to the petition on the ground that the court had no jurisdiction of the defendant as she was a resident of Fayette county. The plaintiff failing to plead further, the amended petition was dismissed, and the plaintiff appeals.

By section 3872, Ky. Stat., no action shall be brought on any demand until payment has been demanded of the personal representative accompanied by the required affidavit. In Rogers v. Mitchell, 1 Met. 22, the demand had not been made before the action was brought, but was made after its institution, and this fact was set up by an amended petition. The court held that this would not do. It said:

"To permit a suit which has been thus brought to be maintained, by showing that this requisition of the law had been subsequently complied with, would be an obvious violation of the provision of the Code of Practice just referred to. Unless, therefore, there should be some very cogent reason why this should be allowed to be done, the conclusion that it is wholly inadmissible is clearly unavoidable. No such reason has been suggested nor are we able to perceive any. The action having been improvidently commenced, without the necessary preliminary steps having been taken, it is evident that the plaintiff should be required to pay the costs that have accrued in its prosecution."

The case before us is unlike that there before the court. Here the plaintiff when the want of demand was relied on, dismissed the action as to the executrix, and her name was stricken out of the petition as a party defendant. As matters then stood she was not a party to the suit. The action as to her was determined. The plaintiff had to pay all the cost that had accrued as between him and her. The thing which it was decided in Rogers v. Mitchell must be done, had been done. When the plaintiff six days afterwards filed an amended petition, making her a party defendant to the action, the rights of the parties were precisely the same as they would have been if she had not been sued in the beginning and L. W. Hudson had been the only person made a defendant to the action when it was brought. The action against her as it now stands was begun when the amended petition was filed. The fact that there had been a previous abortive effort to sue her in the action which had finally terminated, is entirely immaterial. The case,

therefore, comes to this: L. W. Hudson, who was a resident of Boyle county, was a party to the action all the time. While the action was pending against L. W. Hudson, the plaintiff verified her claim and made demand of Lillie B. Hudson as executrix of A. B. Hudson. After this had been done, she filed an amended petition making her a party defendant to the suit, and asked judgment against her. The purpose of the statute is to afford the executrix an opportunity to settle the claim without the estate being put to cost, and for this reason the claim must be verified when demand of payment is made. The executrix had as full opportunity to settle this claim when the demand was made on her, as she would have had, if no suit had been pending against L. W. Hudson. The plaintiff has been made to pay the cost incurred by reason of her premature suit, and the case is not different from what it would be if L. W. Hudson had been sued alone originally, and an amended petition had been afterwards filed making the executrix a party after the claim was demanded of her. It was not necessary to make a demand of her to maintain suit against L. W. Hudson, and she is not prejudiced or in any way affected by the fact that the demand was not made of her before L. W. Hudson was sued. We, therefore, conclude that the court erred in quashing the summons, and in sustaining the special demurrer to the amended petition.

Judgment reversed and cause remanded for further proceedings consistent herewith.