JOHN McMANUS *vs.* SAMUEL B. THING & others.

Suffolk.   January 9, 10, 1911. — February 28, 1911.

Present : KNOWLTON, C. J., LORING, BRALEY, SHELDON, & RUGG, JJ.

*Practice, Civil,* Arrest of judgment.

Review by BRALEY, J., of the decisions of this court under the common law and under St. 1852, c. 312, § 22, now R. L. c. 173, § 118, with regard to motions in arrest of judgment.

At the trial of an action of tort, certain specific questions were submitted to the jury and were answered by them and, in accordance with-instructions by the presiding judge, they found generally for the defendant.   Thereafter and before the jury were discharged the foreman of the jury, in reply to an oral question by the judge on a material question, gave an answer which was inconsistent with the answers in writing already recorded.   The plaintiff moved that certain of the answers in writing be set aside as inconsistent with the oral answer, and the defendant moved that the oral answer be set aside.   The plaintiff's motions were denied and the defendant's motion was granted, and exceptions by the plaintiff were overruled by this court, who stated that " there was no inconsistency in the answers that were allowed to stand or between them and the verdict." Thereafter the plaintiff moved that the judgment be arrested because it appeared by the record that a material issue of fact, the one which was the subject of the oral question by the judge to the jury, was not settled or decided.   The judge denied the motion.   *Held,* that, the record showing no inconsistency between the special findings which had been allowed to stand and the general verdict, the defendant was entitled to judgment and the plaintiff's motion was denied properly.

TORT for personal injuries alleged to have been caused by the negligence of one Redding, who was alleged to have been a serv-

ant of the defendants, in starting a freight elevator without notice to the plaintiff, who was upon it, whereby the plaintiff's foot was caught and crushed. Writ dated July 15, 1903.

The case previously had been before this court twice. After a verdict had been rendered for the plaintiff at the first trial in the Superior Court, exceptions of the defendant were sustained in a decision reported in 194 Mass. 362.

At the second trial of the case, the presiding judge, *Sherman,* J., submitted certain questions to the jury, besides the general question of liability. The jury found for the defendants, and answered the special questions as follows:

"1. Q. Was the plaintiff in the exercise of due care at the time of the accident? A. Yes.

"2. Q. Was Redding guilty of negligence at the time of the accident? A. No.

"3. Q. Was Redding still using the elevator when the plaintiff came on to it with his truck substantially as testified to by Redding? A. Yes.

"4. Q. Had Redding finished using the elevator at the time the plaintiff came into it with his truck substantially as testified to by him? A. No.

"5. Q. At the time the plaintiff was injured, was Redding acting for the defendants and within the scope of his employment? A. No."

The following colloquy then occurred between the judge and the foreman of the jury:

"Q. (By the Judge) There is one question I want to ask you and that is whether the arrangement was that each party was to use it [the elevator] with regard to the rights of the other, or they were to use it together at the same time. Did you consider that? A. (By the Foreman) Yes.

"Q. What did you find? A. Just say that again.

"Q. I told you that I wanted you to tell me whether the common use of the elevator meant in regard to the way in which it was used and in the way in which it was understood it was to be used, that one was to use it first and when they got through, then the other could use it, or whether they were to use it at the same time both together. A. Well, we came to the conclusion that both parties had the right to use it at the same time.

" Q. You came to that conclusion ? A. Yes.

" Q. That was what was meant by common use? A. Yes.

" Q. That is the conclusion you came to? You talked that over and concluded that that was the way ? A. That was it."

The plaintiff then moved that the general verdict and the jury's answers to the second and fourth questions be set aside, and the defendants moved that the oral answer in the colloquy with the judge be set aside. The plaintiff's motions were denied and the defendants' were allowed, the judge making the following memorandum as to the answer to the oral question : " I am satisfied that the jury did not understand the question and the decision was against the evidence and the weight of evidence." Exceptions of the plaintiff to such rulings, among others, were overruled in a decision reported in 202 Mass. 11.

Thereafter the plaintiff filed the following motion : " Now comes the plaintiff in the above-entitled action, after verdict and before judgment, and moves that judgment therein be arrested upon the ground that it appears from the record that a material issue of fact, — to wit : whether or not the plaintiff and Redding had the right to use the elevator at the time of the accident, — is not settled or decided ; and no judgment can be entertained [entered] in favor of the defendants until it shall have been found that the plaintiff or Redding had no right to use the elevator at the time of the accident."

At the hearing on the motion by *Sherman,* J., the plaintiff asked for the following rulings :

" 1. No judgment can be entered upon the findings of the jury.

" 2. The findings in favor of the plaintiff nullified and invalidated the findings in favor of the defendants.

" 3. The finding that both parties had the right to use the elevator at the same time nullifies and invalidates the finding that Redding was not guilty of negligence.

" 4. The finding that both parties had the right to use the elevator at the same time nullifies and invalidates the finding that Redding was not acting within the scope of his employment.

" 5. The setting aside of the finding that both parties had the right to use the elevator at the same time, does not validate the verdict or authorize judgment thereon."

The rulings were refused and the motion was denied. The plaintiff alleged exceptions.

*C. Reno*, for the plaintiff.

*F. W. Eaton*, for the defendants.

BRALEY, J. The court at common law by virtue of its inherent power could after verdict withhold or stay judgment, if upon the face of the record error appeared which vitiated the proceedings. But if under this rule judgment could be arrested where the declaration did not conform to the cause of action for which the writ issued, or the verdict was not in conformity with the rulings upon the issues joined, or the action could have been defeated by a general demurrer, our St. of 1851, c. 233, § 32, re-enacted in St. 1852, c. 312, § 22, now R. L. c. 173, § 118, provides that " a judgment shall not be arrested for a cause existing before the verdict, unless such cause affects the jurisdiction of the court. After the defendant has appeared and answered to the merits of the action, no defect in the writ or other process by which he has been brought before the court, or in the service thereof, shall be considered to affect the jurisdiction of the court." 3 Bl. Com. (Sharswood's ed.) 393, 395, 399. *Stevenson* v. *Hayden*, 2 Mass. 405. *Barnes* v. *Hurd*, 11 Mass. 57. *Carlisle* v. *Weston*, 1 Met. 26. *Smith* v. *Cleveland*, 6 Met. 332, 335. *Wilson* v. *Coffin*, 2 Cush. 316. *Brown* v. *Webber*, 6 Cush. 560. *Hollis* v. *Richardson*, 13 Gray, 392, 393. It accordingly has been held that where the court has jurisdiction not only of the subject matter but of the parties duly served with process, judgment will not be stayed after verdict even if the writ is defective, or there is a misjoinder of counts, or the pleadings are technically insufficient, or the defendant has omitted to avail himself of a defense which would have barred the suit. *Hill* v. *Dunham*, 7 Gray, 543. *Duhamell* v. *Ducette*, 118 Mass. 569. *McLaughlin* v. *Cowley*, 127 Mass. 316. *Dean* v. *Ross*, 178 Mass. 397. *Lane* v. *Holcomb*, 182 Mass. 360.

If, however, as the plaintiff contends, the verdict of which he complains was defective in substance, or repugnant to the material issues submitted, because the question whether at the time of the accident he was lawfully using the elevator was finally left undecided, the statute is inapplicable. *McQuade* v. *O'Neil*, 15 Gray, 52, 53. Yet he can take nothing by his motion unless, at the

time of filing, the infirmities or errors complained of were affirmatively disclosed by the record itself. *Sawyer* v. *Boston,* 144 Mass. 470. To maintain his action the plaintiff was required to prove that when injured he was lawfully on the elevator, which he contends had been negligently set in motion by the defendant's servant, one Redding, and at the second trial after the decision in *McManus* v. *Thing,* 194 Mass. 362, the presiding judge submitted to the jury certain questions in writing to determine this issue. The questions and answers, with a general verdict for the defendant, had been handed to the clerk by the foreman, and presumably read by the judge, who then asked the jury, " I told you that I wanted you to tell me whether the common use of the elevator meant in regard to the way in which it was used and the way in which it was understood it was to be used, that one was to use it first and when they got through, then the other could use it, or whether they were to use it at the same time both together." The foreman answered, " Well, we came to the conclusion that both parties had the right to use it at the same time," and the general verdict was affirmed and recorded. By their answers to the questions in writing, that Redding was using the elevator at the time of the accident, and had not finished when the plaintiff came into it with his truck, the jury in effect decided, that the plaintiff was a trespasser, or a bare licensee, while by their further oral answer they found that he was rightfully there. It may be assumed for the purposes of decision, that all the questions and answers should be considered as part of the record, and have the force of special findings of fact. *Hix* v. *Drury,* 5 Pick. 296, 301. *Spurr* v. *Shelburne,* 131 Mass. 429. If the answers are treated as equally conclusive, as they must be, a vital issue, upon which the plaintiff's recovery depended, had been decided both for and against him, and until this contradiction and inconsistency, which qualified the effect of the general verdict, had been removed by further deliberation of the jury after proper instructions, it was irregularly affirmed. *Roberts* v. *Rockbottom Co.* 7 Met. 46, 49. *Roche* v. *Ladd,* 1 Allen, 436. *Commonwealth* v. *Haskins,* 128 Mass. 60. *Kenney* v. *Habich,* 137 Mass. 421, 423. It would seem to be plain that if this were the whole record, judgment could not be entered on the verdict. No exceptions having been taken to the proceedings

when the verdict was returned, the plaintiff properly moved for a new trial, and to set aside the findings and answers to some of the questions which are now immaterial, and for an arrest of judgment, while the defendant moved to set aside the answer to the verbal inquiry. *Lufkin* v. *Hitchcock*, 194 Mass. 231, 233. The plaintiff's motions having been denied, and the defendant's motion granted, the authority of the court to make the respective orders, and their validity, except as to the motion in arrest of judgment, were reviewed and affirmed on the plaintiff's exceptions in *McManus* v. *Thing*, 202 Mass. 11, 16. It is expressly decided, that after the defendant's motion had been granted " there was no inconsistency in the answers that were allowed to stand or between them and the verdict," and the decision settled the law upon the question now raised. *Boyd* v. *Taylor*, 207 Mass. 335.

The record when the present motion was filed having shown, therefore, no inconsistency between the special findings and the general verdict, the defendant was entitled to judgment, and the plaintiff's requests for rulings, which were refused, as well as his exceptions to the order denying the motion, are without merit.

*Exceptions overruled.*