RILEY J. (Gillen, J., and Tomasello, J.)
This is an action of contract seeking the recovery of damages for breach of a written contract whereby the plaintiff agreed to sell and the defendant agreed to buy a specified type of automobile at a price of $1,005.00. There is no dispute as to the facts disclosed by the evidence appearing in the report. Admittedly the defendant breached the agreement by refusing to accept and pay for the automobile when notified by the plaintiff that it was ready for delivery. The only question of law presented by this report is whether or not the trial judge erred in his denial of the defendant’s sixth request and consequently erred in assessing the amount of damages.
The evidence in its aspect most favorable to the plaintiff shows that the agreement was signed on July 7, 1941; that on July 16, 1941, the plaintiff notified the defendant that the automobile was ready for delivery and that the defendant re *161 fused to accept the same, thereby committing a breach of contmet; "that thereafter the- plaintiff in an Mort to reduce damages, disposed of said automobile by sale at a price of $1,105.00 after having exchanged the automobile for another one precisely the .'same except for color of paint, the exchange-, being made with another dealer without the passing of any money— just car for car. It appeared in evidence that the wholesale price between dealer and distributor of either the specific automobile or of the substituted automobile was $858.92.
The trial judge by granting the defendant’s requests numbered 1, 2, 3, 4, 5 and 7 ruled that the measure of damages in this case is governed by G. L. c. 106, § 53 sub-division 3; that the measure of damages is the difference between the contract price of the automobile and the market value of the same when 'the defendant refused to accept it at the time stipulated for delivery; that an automobile is a chattel commonly bought and sold in the market; that if no time was fixed for acceptance that the time of refusal by the purchaser is the governing date in measuring damages; and that the dealer (the plaintiff) is not entitled to recover as damages a loss of profits.
Defendant’s request numbered 6, which the trial judge denied, reads as follows:
"6. There being no evidence that the plaintiff could not sell the automobile at a market price at least equal to that which the defendant had agreed to pay therefor, then the plaintiff is bound by the rule of damages contained in G. L. Chap. 106, sec. 53, subdivision 3.”
The evidence given by the plaintiff that it had sold the automobile, or the substituted automobile which had been acquired by the simple process of exchange, car for car, to a customer at a price of $1,105.00 negatives any suggestion that the plaintiff could not sell the automobile at a market price at least equal to the price appearing in the agreement. In fact such evidence is consistent with the premise of the defendant’s sixth request.
“There being no evidence that the plaintiff could not sell the automobile- at a market price at least equal to that which the defendant had agreed to pay therefor.”
We believe the trial judge erred in the denial of said sixth request.
The defendant followed correct practice in the manner in which he called the attention of the trial justice to the inconsistency of his rulings. DiLorenzo v. Atlantic Rational Bank, 278 Mass. 321.
The trial judge by employing the price of $858.92 which was the price between a distributor and a dealer in computing damages clearly included the plaintiff’s loss of profits in violation of his ruling on request number 7 to the effect that “the plaintiff as a dealer is not entitled to recover as damages a loss of profits.”
*162 The trial judge in view of his rulings could not properly employ the price of $858.92 the price ¡between a distributer and a dealer as the market or current price in an available market within the meaning of G. L. c. 106, § 53, sub-sec. 3.
The market where that price prevailed was not available to sellers and buyers alike.
Judgment is to be centered for the plaintiff for nominal damages in the sum of $L.00.