Rows, J.
This is an action of contract to recover on three demand notes, in the sums of $340, $25 and $60 respectively. The material portions of the defendant’s answer allege that the plaintiff is not entitled to recover because of usurious rate of interest and because the notes were in violation of G. L. (Ter. Ed.) a 140, sections 96-112. The trial judge found for the plaintiff.
The controversy revolves around the $340. note. The special findings of the trial judge contain the following, “I find that previously to December, 1940, the defendant solicited his friend, the plaintiff, for a loan of $340. He stated the need was very urgent. The plaintiff agreed to lend him the money and gave him $75 at that time, stating that *176 was all the cash he then had on hand and would give him the balance later. He gave him the balance on December 20, 1940, when a note for $340 was made payable to the plaintiff and signed by the defendant. This is one of the notes in suit. At the signing of the note the parties agreed that the interest due on the note would be at the rate of $15 a month. The judge also found that $135 of this interest had been paid, but none of the principal.
The judge, in denying certain of the defendant’s requests ruled that they “are refused as inapplicable to the facts found, i. e. that the loan was for more than $300 ; that the transaction was single.” He also ruled “that the giving of the $75 on one day and the balance at a later date constituted a single transaction and that the provisions of Gr. L. c. 140, sections 96-112 do not apply as this note represented a loan in excess of $300.”
The defendant endeavors to split the consideration of the $340 note into two transactions so as to bring the matter within the cited sections of" the statute relative to loans under $300. The judge was correct. There existed one' agreement, the delivery of the money in accordance therewith and the giving of one note in consideration thereof. It was a" single transaction involving a sum in excess of $300 and hence the cited sections of the statute would not apply.
The defendant has argued a further question which is not before us on this report. It is, in effect, that there is an inconsistency in the findings of the judge. The special findings show that from March 4,1941 to August 29', 1941 the defendant had paid $135 interest. The judge also later found for the plaintiff “for $340’ and interest at the rate of $15 a month from Aug. 29,1941.”
*177 The defendant phrases his contention in the following wording: “the defendant contends that the lower court erred in malting a finding for the full amount on the $340 note together with interest at the rate of $15 per month. Under this statute (Gr. L. c. 140, sec. 90) the plaintiff would be entitled to only 18% interest per year and most of the $135 which had been applied to interest, should have been applied in reduction of principal.”
That is, the defendant claims there is an inconsistency between the special finding $135 paid and the amount of the general finding of the amount of the note plus interest from Aug. 29, 1941 as stated in the general finding.
Until a finding was made by the trial judge, the defendant of course would not be in a position to know that findings would be made allegedly inconsistent, and so could not protect himself relative thereto prior to the finding. But the defendant would not be without opportunity of presenting his contentions to the court (with privilege of preserving his right to carry his contention to the Appellate Division) merely because he could not have filed any requests at the trial concerning the point.
Concerning the report now before us, as was said in Memishian v. Phipps, 311 Mass. 521, 525, “the question whether there was any ineompatability between such special findings and the general finding for the defendant is not presented by the report.”
If, in the case at bar, the defendant thought there was an inconsistency or ineompatability between the special and general findings, the proper course would be to file a motion for its correction. McManus v. Thing, 202 Mass. 11, 16, S. C. 208 Mass. 55, 60. Randall v. Peerless Motor Car Co., 212 Mass. 352, 390. Di Lorenzo v. Atlantic National *178 Bank of Boston, 278 Mass. 321, 325. Or it ¡might be brought to the court’s attention upon a motion for a new trial. See Beck v. Warren Institution for Savings, 312 Mass. 315, 317.
So far as the present report is concerned, the entry must be — Report Dismissed,