MANUFACTURERS' NATIONAL BANK *vs.* A. W. PERRY.

Suffolk.   March 2. — 24, 1887.   FIELD, C. ALLEN, & GARDNER, JJ., absent.

A bank, by mistake, overpaid to A.'s clerk, on a check drawn by A., a certain sum. The clerk, upon his return to A.'s place of business on the same day, discovered the mistake, notified A. of it, and requested A. to allow him to return the money to the bank, and A. refused. Upon the clerk's next visit to the bank, within a few days, the bank teller asked him if he had been overpaid, and he denied it. The clerk reported this to A., who approved it, and afterwards kept the money without ever giving notice to the bank. The bank brought an action against A. to recover the money more than six years after its overpayment. *Held*, that there was a fraudulent concealment by the defendant of the plaintiff's cause of action, within the Pub Sts. c. 197, § 14; and that the action could be maintained.

If the defendant, in an action for money had and received, has wrongfully obtained and fraudulently withheld the plaintiff's money, he is chargeable with interest from the time of his so obtaining it.

CONTRACT for money had and received, with interest. Trial in the Superior Court, without a jury, before *Bacon,* J., who found for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*C. M. Perry,* for the defendant.                    -

*M. Storey,* for the plaintiff.

MORTON, C. J.   On February 24, 1879, the plaintiff, by mistake, overpaid to the defendant, on a check drawn by him, the sum of $200. A right of action then accrued to the plaintiff to recover it back. The writ in this case is dated December 4,

1885, and therefore the action is barred by the statute of limitations, unless the defendant fraudulently concealed the cause of action from the plaintiff. Pub. Sts. c. 197, § 14. But the evidence is clear and decisive that there was such a fraudulent concealment. It shows that the overpayment was made to one Harper, a clerk of the defendant; that, upon his return to the defendant's store on the same day, Harper discovered the mistake, notified the defendant of it, and requested the defendant to allow him to return the money to the plaintiff, and the defendant refused. Upon Harper's next visit to the bank, within a few days, the bank teller asked him if he had been overpaid, and he denied it. Harper reported this to the defendant, who, as the court was justified in finding, approved it, and afterwards kept the money without ever giving notice to the plaintiff. Here was a case of active fraud and dishonesty on the part of the defendant, by which the fact that he had received the money was concealed from the plaintiff.

We need not inquire whether, from his relation to the bank, his mere silence and concealment of the fact of the overpayment would not of itself be sufficient evidence of a fraudulent concealment, within the statute. He went further than this: his direction to his clerk not to notify the bank, and his approval and adoption of the lie told by the clerk to the bank teller, were active steps taken by him to prevent the bank from discovering the fact that he had received the money. The Superior Court was required to find, upon the evidence, that there was a fraudulent concealment by the defendant of the plaintiff's cause of action, which took the case out of the statute of limitations.

The money was obtained by the defendant wrongfully, and was held and retained by him fraudulently. The plaintiff is entitled to interest from the time of the receipt of it by the defendant. *Atlantic Bank* v. *Harris*, 118 Mass. 147.

*Exceptions overruled.*