CATHERINE E. O'BRIEN *vs.* AGNES A. McSHERRY.

Worcester.     October 4, 1915. — October 16, 1915.

Present: LORING, DE COURCY, PIERCE, & CARROLL, JJ.

*Gift. Husband and Wife. Conversion. Limitations, Statute of,* Fraudulent concealment.

Where a husband makes a present to his wife of a piano that he has paid for and delivers to her the dealer's bill of sale for the piano made to her directly, this gives her a good title by gift.

Where a husband, having in his possession a piano belonging to his wife, who is living apart from him and has obtained from the Probate Court a decree against him for her separate support, after having refused to deliver the piano to his wife upon her demand for it, gives a bill of sale of articles of personal property, including the piano by description, to a daughter by a former wife, and the daughter, knowing of the wife's claim and demand for the piano, takes the bill of sale "intending to assert ownership, and to do whatever her father wished with the property conveyed," this is a denial of the wife's right to immediate possession of the piano, which constitutes a conversion of it without demand and refusal, and a right of action against the daughter accrues to the wife at that time, from which time the statute of limitations begins to run.

A fraudulent concealment of a cause of action, which under R. L. c. 202, § 11, suspends the running of the statute of limitations until the discovery of the cause of action by the person entitled to bring the action, must be an actual fraudulent concealment and not merely a constructive one, and mere silence and failure to inform the person entitled to bring the action of the facts which gave him the right to bring it do not warrant a finding that there was a fraudulent concealment within the meaning of the statute.

TORT for the alleged conversion of a piano belonging to the plaintiff. Writ dated May 25, 1914.

The defendant's answer contained a general denial and also set up the statute of limitations, alleging that the cause of action mentioned in the plaintiff's writ did not accrue within six years before the suing out of the writ.

In the Superior Court the case was tried before *Wait,* J., without a jury. At the close of the evidence, which disclosed the facts that are stated in the opinion, the defendant asked the judge to make the following rulings:

"1. Upon all the testimony the plaintiff cannot recover.

"2. The plaintiff cannot recover in this action without proof of demand and refusal of the property.

"3. Mere acceptance of the bill of sale by the defendant, without any act or assertion of ownership by her, is not sufficient to amount to an exercise of dominion over the property so as to make the defendant liable in this action.

"4. Upon all the testimony, if the defendant ever converted the property of the plaintiff, the conversion did not take place within six years prior to the commencement of this action.

"5. The fact that the plaintiff did not become aware of the alleged conversion until more than six years after the alleged act of conversion cannot avail the plaintiff to avoid the statute of limitations, as there was no fraudulent concealment of the facts by the defendant."

The judge refused to make any of these rulings. He filed a "Finding of Facts," which included the facts that are stated in the opinion. He found that the plaintiff's husband gave her the piano as a wedding present in fulfilment of a promise made before their marriage, although it was not paid for and the title acquired until three years after the marriage, that when the plaintiff's husband paid for the piano he handed to the plaintiff the bill of sale which was made direct to her by the seller. He also found that the defendant, who was a daughter of the plaintiff's husband by a former wife, at the time of the delivering of the bill of sale to her by her father which is mentioned in the opinion, knew of the plaintiff's claim and of her demand for the piano "and she took the bill of sale intending to assert ownership, and to do whatever her father wished with the property conveyed." He also

found that "the conveyance of 1905 was concealed from the plaintiff, and, under the circumstances, the concealment was, in law, fraudulent."

The judge found for the plaintiff; and the defendant alleged exceptions.

*G. E. O'Toole,* for the defendant.

*J. R. Thayer, A. H. Bullock, & J. M. Thayer,* for the plaintiff, submitted a brief.

PIERCE, J. The dealer's bill of sale operated to transfer a valid title to the piano to the plaintiff although the only consideration therefor moved from the husband. *Brown* v. *Brown,* 174 Mass. 197, 199. She left the house of her husband in 1900, and during the same year the Probate Court decreed to her separate support. Thereupon she made a written demand upon her husband for the piano, but he refused to deliver it up to her. She was rightly advised that no action at law would lie against her husband, and the case at bar does not require us to consider what remedies, if any, equity afforded.

The piano remained in the house of the husband until his death in 1913, and up to the time of the trial of this action. On February 16, 1905, the husband conveyed by bill of sale to his daughter, then unmarried, all his personal property upon the premises where he and she lived, enumerating the piano among the chattels conveyed. The daughter allowed the articles to remain and did not remove the piano when after her marriage, which was celebrated nine months before her father's death, she went to live in Holyoke, "because the piano was too large for her home there." At the time of the conveyance she knew of the plaintiff's claim and of her demand for the piano; and she took the bill of sale intending to assert ownership and to do whatever her father wished with the property conveyed.

These acts were without legal justification and were in denial of the plaintiff's right to immediate possession, and a right of action then accrued to the plaintiff without demand and refusal. *Riley* v. *Boston Water Power Co.* 11 Cush. 11. *Parker* v. *Young,* 188 Mass. 600, 605. Ames, Cases on Torts, (3d ed.) 297, 298, note.

The answer sets up the statute of limitations, and to this answer the plaintiff replies that the defendant fraudulently concealed the cause of action from her knowledge. R. L. c. 202, § 11.

There is no testimony to justify a finding of actual fraudulent concealment of the transfer of title, and it is well settled in this Commonwealth that mere silence of the defendant or his failure to inform the plaintiff of the facts upon which the cause of action hangs is not such a fraudulent concealment as is contemplated by the statute. *Farnam* v. *Brooks,* 9 Pick. 212, 214. *Sturgis* v. *Preston,* 134 Mass. 372. *Adams* v. *Ipswich,* 116 Mass. 570. *Nudd* v. *Hamblin,* 8 Allen, 130.

Positive acts of actual and not merely constructive concealment characterize and distinguish the cases, *First Massachusetts Turnpike Corp.* v. *Field,* 3 Mass. 201, and *Manufacturers' National Bank* v. *Perry,* 144 Mass. 313, from the case at bar.

It follows that the defendant's request that upon all the testimony the plaintiff cannot recover should have been given.

*Exceptions sustained.*