EVA TABOLSKY *vs.* L. R. G. CRANDON.
SAMUEL TABOLSKY *vs.* SAME.

Suffolk.    March 18, 1927. — March 24, 1927.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Physician and Surgeon.   Limitations, Statute of.   Statute,* Construction.

The special statute of limitations, St. 1921, c. 319, was effective to bar
  actions, begun after it took effect on January 1, 1922, although based
  upon causes of action described therein which existed at the time it
  took effect.
A defendant cannot be found to have been guilty of any fraudulent con-
  cealment whereby the effect of the statute of limitations can be avoided,
  where it appears that the plaintiff had a personal knowledge of the
  facts which created the cause of the action.

TWO ACTIONS OF TORT, the first for damages alleged to have
resulted from negligence of the defendant, a surgeon; and
the second by the husband of the plaintiff in the first action
for consequential damages.    Writs dated April 6, 1923.

In the Superior Court, the actions were tried together
before *Freeman,* J., by whose order verdicts were entered
for the defendant.    The plaintiffs alleged exceptions, which,
after the death of *Freeman,* J., were allowed by *Weed,* J.

The cases were submitted on briefs.

*W. J. Patron, F. D. McCarthy, & J. L. Barron,* for the
plaintiffs.

*R. G. Dodge & W. A. Barrows,* for the defendant.

BY THE COURT.    These are actions of tort to recover
compensation for alleged malpractice of the defendant, a
surgeon, who admittedly performed an operation upon the
female plaintiff.

It was provided by St. 1921, c. 319, that "actions of con-
tract or tort for malpractice, error or mistake, against phy-
sicians, surgeons . . . shall be commenced only within two
years next after the cause of action accrues." This act took
effect on January 1, 1922.   It was operative upon all causes
of action then existing as well as those thereafter arising.

*Mulvey* v. *Boston,* 197 Mass. 178.   The present action was not begun until more than two years after the wrongful conduct of which complaint is made.   There is no ground in the evidence for finding that the defendant was guilty of any fraudulent concealment whereby the effect of the statute of limitations can be avoided.   "A cause of action cannot be said to be concealed from one who has a personal knowledge of the facts which create it."   *Sanborn* v. *Gale,* 162 Mass. 412, 414.   See *Ogg* v. *Robb,* 181 Iowa, 145.

*Exceptions overruled.*