PASCUA CAPUCCI *vs.* JOSEPH BARONE.

AMETO CAPPUCI *vs.* SAME.

Suffolk.    February 7, 1929. — March 26, 1929.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Limitations, Statute of. Negligence,* Of surgeon. *Physician and Surgeon.*

An action of tort begun in September, 1926, by a woman against a
surgeon for personal injuries resulting from negligent conduct on
his part while performing an abdominal operation upon her in May,
1924, in that he left within the abdominal cavity a foreign substance,
is barred by G. L. c. 260, § 4, as amended by St. 1921, c. 319, although
the plaintiff did not discover the presence of the foreign substance
until she underwent another operation by another surgeon in July,
1926.

The same statute of limitations applies to an action of tort by the hus-
band of the plaintiff in the action above described for consequential
damages.

TWO ACTIONS OF TORT, the first action for personal in-
juries alleged to have resulted from negligent conduct of
the defendant while performing an operation upon the
plaintiff on May 11, 1924, and the second action by the
husband of the plaintiff in the first action for consequential
damages.  Writs dated September 28, 1926.

In response to a motion by the defendant that the plain-
tiff specify in "exactly what manner the defendant was
negligent in the performance of the operation," the plaintiff
specified: "By cutting into the abdominal cavity, then sew-
ing the wound and cut, leaving within the abdominal cavity
a foreign substance, namely a sponge."

In the Superior Court, the actions were heard together
by *Bishop,* J., without a jury.  Material evidence is stated
in the opinion.  The judge found for the defendant.  The
plaintiffs alleged exceptions.

*J. T. Pugh, (C. E. Leonardi* with him,) for the plaintiffs.
*M. J. Mulkern,* for the defendant.

PIERCE, J.   These two actions of tort were begun by writs

dated September 28, 1926, and entered in the Superior Court on the first Monday of November, 1926. The first is to recover damages for the alleged negligence of the defendant in performing an abdominal surgical operation. The second is by the husband of the plaintiff in the first action to recover consequential damages. The defendant's answer in each case is a general denial, contributory negligence, assumption of risk, and the statute of limitations. The cases were tried together. The plaintiff in the first action will be hereinafter referred to as the plaintiff.

At the close of the plaintiffs' evidence, the defendant rested in each case and presented a motion, in writing, requesting the judge to rule that upon the evidence and the pleadings the plaintiff was not entitled to recover, and to make a finding in each case for the defendant. The judge thereafter found for the defendant, and the plaintiffs duly excepted.

The bill of exceptions purports to contain "all the testimony material to the questions of law herein raised," and states that "The pleadings and the specifications may be referred to." The plaintiff testified, in substance, that on May 11, 1924, she sent for the defendant; that his brother came and examined her; that in consequence of this examination she went to the Forest Hills Hospital, in Boston; that when she arrived at the hospital she saw a nurse, and about one half hour afterward the defendant came in and she was examined by him while she was in bed; that the defendant said to her, "You need an operation," and about an hour and a half later she was taken to the operating room where she saw the defendant who told her he was going to operate on her; that just before she went under ether the defendant examined her and told the nurses to prepare her for the operation room; that in the operation room were the defendant, his brother, a doctor who administered the ether, and a nurse.

She further testified, in substance, that what was done during the operation she did not know. The next thing she knew she was in bed in another room and the nurses took care of her, and in about two weeks she was able to go home. The defendant was the only doctor who talked with

her or visited her from the time of her arrival at the hospital. After she came out of the ether the defendant visited her, dressed her wound, which was in the middle of the abdomen, and came every morning for two weeks, when he and a nurse took the stitches out, the defendant saying "I made a good wound there." She remained in the hospital three days more and then went home and stayed in bed two weeks. After she got out of bed at home she felt pain every day. About a month after she got up she went to see the defendant and told him she was having pain, and he prescribed treatment for it, saying, "It will take a year before those pains disappear." He treated her two or three times at his office. She was having pain every day, and about six or seven months after the operation she went to see another doctor. She saw three doctors, had an X-ray of her abdomen, and was operated upon at the Vincent Memorial Hospital in Boston. The surgeon who operated on the plaintiff, on or about July 1, 1926, testified in substance, that "where the incision for the operation by the defendant was made . . . he found an inflammatory mass of small intestine which he dissected out and inside the mass he found a piece of gauze, a gauze sponge such as surgeons use in an operation."

The controlling facts of *Guell* v. *Tenney,* 262 Mass. 54, distinguish that case from the instant case. In the absence of such facts, we assume, in favor of the plaintiff, that the evidence in the aspect most favorable to the contention of the plaintiff presented a case for the judge, unless the right of the plaintiff to maintain an action when brought was barred by the statute of limitations, G. L. c. 260, § 4, as amended by St. 1921, c. 319, which reads: "Actions for assault and battery, false imprisonment, slander, actions against sheriffs, deputy sheriffs, constables or assignees in insolvency, for the taking or conversion of personal property, actions of tort for injuries to the person against counties, cities and towns and actions of contract or tort for malpractice, error or mistake, against physicians, surgeons, dentists, hospitals and sanitaria, shall be commenced only within two years next after the cause of action accrues; and actions for

libel shall be commenced only within one year next after the cause of action accrues."

Upon this branch of the defence the single question is, When did the cause of action accrue?　The defendant as a surgeon, on May 11, 1924, impliedly undertook to use care in the operation which he was about to perform.　Any act of misconduct or negligence on his part in the service undertaken was a breach of his contract, which gave rise to a right of action in contract or tort, and the statutory period began to run at that time, and not when the actual damage results or is ascertained, as the plaintiff contends.　The damage sustained by the wrong done is not the cause of action; and the statute is a bar to the original cause of action although the damages may be nominal, and to all the consequential damages resulting from it though such damages may be substantial and not foreseen.　*McQuesten* v. *Spalding,* 231 Mass. 301.　*Wilcox* v. *Plummer,* 4 Pet. 172, 181, 182.　*Howell* v. *Young,* 5 B. & C. 259, 267.　There is nothing in the suggestion that, in the facts and in the law applicable thereto, the statute should be construed liberally, and the consequential damages when discovered be considered as a fresh ground of action as in "the case of a nuisance, where every new dropping is a new act."　*Howell* v. *Young, supra.*　*Wilcox* v. *Plummer, supra.*

The plaintiff makes no contention of fraudulent concealment of facts by the defendant, but contends that "The facts bring the case . . . 'within the equity' of the fraudulent concealment statute, since the Legislature never intended that a defendant should take advantage directly or indirectly of his own wrongful act, the existence of which was withheld either by his moral fault or his innocent concealment, since in either case the injured person is damaged without means of knowing the wrong."　It is settled that the law is otherwise by *O'Brien* v. *McSherry,* 222 Mass. 147, and *Sanborn* v. *Gale,* 162 Mass. 412, 414.　The rights of the husband in the second case are also barred by the statute.　*Mulvey* v. *Boston,* 197 Mass. 178.

*Exceptions overruled.*