ELIZABETH L. MALONEY *vs.* ELLIOT G. BRACKETT.

SAME *vs.* M. N. SMITH-PETERSON.

Suffolk.    April 7, 1931. — May 27, 1931.

Present: RUGG, C.J., CARROLL, SANDERSON, & FIELD, JJ.

*Practice, Civil,* Ordering verdict. *Limitations, Statute of. Physician and Surgeon.*

Where a judge, before whom was being tried an action of tort where one defence was the statute of limitations, as to which the plaintiff's only contention was that the statute was not applicable because there had been a fraudulent concealment of the cause of action within the terms of G. L. c. 260, § 12, at the close of the evidence on the question of liability and after he had ascertained from the plaintiff and was satisfied that all evidence bearing on the issue of fraudulent concealment of the cause of action, except such as was cumulative, had been introduced or was contained in an offer of proof made by the plaintiff, ordered a verdict for the defendant on the ground that the evidence would not warrant a finding of fraudulent concealment of the cause of action, the plaintiff was deprived of no rights unless upon the evidence introduced and that contained in the offer of proof the issue of fraudulent concealment should have been submitted to the jury.

The statute of limitations contained in G. L. c. 260, § 4, as amended by St. 1921, c. 319, which became effective on January 1, 1922, properly was set up as a defence in an action begun in 1926 for a cause arising in 1921.

In the declaration in an action against a physician and surgeon who performed an operation upon the plaintiff, a woman, the plaintiff alleged that the defendant was negligent in that the operation performed was unnecessary, unwise and impractical. The action was barred by the limitations contained in G. L. c. 260, § 4, as amended by St. 1921, c. 319, unless the plaintiff was able to prove a further allegation in the declaration to the effect that until a date within two years before the commencement of the action the defendant had

fraudulently concealed from the knowledge of the plaintiff her cause of action. The evidence introduced and offered by the plaintiff on that issue was that the defendant had advised an operation to relieve a sacroiliac strain by the insertion of a piece of bone between the ilium and the sacrum and had told her that if the operation was performed she would leave the hospital in six weeks and be well in two months. She was not relieved. There was expert testimony that the operation was inadvisable. For about six months after the operation, the plaintiff was seen by the defendant almost daily and within the following four years was treated and examined by various physicians and X-rays were taken at a hospital and she was placed in a plaster cast. About fifteen months before the commencement of the action, the defendant told the plaintiff that the reason the first operation was not a success was that he had used a piece of bone which was too small, that if he then operated on her and used a larger piece of bone she would be well in a short time, otherwise she would be a cripple and useless to herself and others. The judge ordered a verdict for the defendant on the ground that the evidence would not warrant a finding of fraudulent concealment of the cause of action. *Held*, that

(1) There was no evidence that the defendant did not believe in good faith that the operation was advisable;

(2) The concealment to which the statute refers is of the cause of action and not of the injurious consequences flowing from it;

(3) Failure to state in detail the nature of the operation, concealment of facts concerning the plaintiff's condition after the operation or concealment of the fact that too small a piece of bone had been used in the operation, or assurances then made as to her recovery could have no tendency to prove a fraudulent concealment of a cause of action for negligence based on performing an operation when none was needed;

(4) There was no evidence warranting a finding that the defendant knew or believed that a cause of action existed; without such evidence, a finding would not be warranted that he had fraudulently concealed such cause;

(5) The verdict properly was ordered for the defendant.

Two ACTIONS OF TORT. Writs dated November 5, 1926.

Proceedings at the trial of the actions together in the Superior Court before *Sisk*, J., and material evidence then introduced are described in the opinion. Verdicts were ordered for the defendants. The plaintiff alleged exceptions.

*J. H. Devine*, for the plaintiff.

*J. N. Clark*, for Elliot G. Brackett.

*Joseph Wentworth*, for M. N. Smith-Peterson.

SANDERSON, J. These are actions of tort for alleged malpractice brought against two physicians who partici-

pated in the performance of an operation on the plaintiff on March 23, 1921. The writs were dated November 5, 1926. The negligence relied upon in each case is that the operation performed was unnecessary, unwise and impractical, and each declaration alleges, in substance, that until August, 1925, the defendant fraudulently concealed from the knowledge of the plaintiff her cause of action. The answer in each case is a general denial, contributory negligence and that the action was barred by the statute of limitations. The record states that "At the close of all the evidence on the question of liability the judge ordered verdicts for the defendant in each case and the plaintiff duly excepted thereto." The reason for the order was that the evidence would not warrant a finding of fraudulent concealment of the cause of action. Before the order was made the judge ascertained from the plaintiff that all evidence bearing on that issue, except such as was cumulative, had been introduced or was contained in an offer of proof made by the plaintiff. When satisfied that the plaintiff had thus submitted all of the material evidence in support of this issue, the judge was justified in making a ruling thereon without taking the time of the court to hear further evidence on other issues. *Hall* v. *Wakefield & Stoneham Street Railway*, 178 Mass. 98, 100. The plaintiff has been deprived of none of her rights by the order made unless upon the evidence introduced and that contained in the offer of proof the issue of fraudulent concealment should have been submitted to the jury.

St. 1921, c. 319, amending G. L. c. 260, § 4, provides in part that actions of tort for malpractice, error or mistake against physicians and surgeons shall be commenced only within two years next after the cause of action accrues. This act took effect January 1, 1922. The cause of action arose on March 23, 1921, when the operation was performed. *Capucci* v. *Barone*, 266 Mass. 578. The statute may be set up as a defence although it became effective after the accident. *Mulvey* v. *Boston*, 197 Mass. 178. *Tabolsky* v. *Crandon*, 259 Mass. 32. By G. L. c. 260, § 12, it is provided that "If a person liable to a personal action fraudulently

conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action." ·

. Upon the plaintiff's testimony she received an injury to her knee in 1918, and between that time and March, 1921, when she first saw the defendants, she had consulted several doctors and had been treated by some of them. She had been told that she was suffering from a sacroiliac strain and this diagnosis was confirmed by the defendants who, after having her under observation for a few days, advised an operation. She testified that both defendants told her that if the operation was performed she would leave the hospital in six weeks and be well in two months, and that she consented to the operation because of that assurance. The purpose of the operation was to produce the fixation of the right sacroiliac joint, by inserting between the sacrum and ilium a piece of bone taken from the ilium, the result being accomplished by the union of this bone to the ilium and sacrum. Upon the undisputed evidence the fixation of the joint was accomplished by the operation. Both defendants saw the plaintiff at the hospital almost daily from the time of her operation until she left for her home in Hartford, July 1, 1921, and they both saw her again at a hospital in Boston in the fall of 1921. Thereafter she saw the defendant Smith-Peterson but once and that was in August, 1925, but during these years she frequently wrote the defendant Brackett about her condition and occasionally consulted him personally. She testified that in August, 1925, the defendant Smith-Peterson told her that the reason the first operation was not a success was that they used a too small piece of bone, that if he then operated on her and used a larger piece of bone she would be well in a short time, otherwise she would be a cripple and useless to herself and others. She also testified that the defendant Brackett at about this time told her that too small a piece of bone had been used and he advised her to go back to

Dr. Smith-Peterson and submit to an operation, assuring her that this would make her well.

The prediction by the defendants as to her recovery made before the operation was performed had no tendency to prove that the doctors did not in good faith consider the operation advisable. If it be a fact that she first discovered in July or August, 1925, that too small a piece of bone had been used in the operation, this would not prove that the operation itself was unnecessary, unwise and impractical. The testimony of an expert witness in reply to a long hypothetical question, asked by the plaintiff, that in his opinion the operation in 1921 was inadvisable, might justify a finding to that effect, but would have no tendency to prove that the defendants did not believe that the operation was advisable when made. The concealment to which the statute refers is of the cause of action and not of the injurious consequences flowing from it. Failure to state in detail the nature of the operation, concealment of facts concerning the plaintiff's condition after the operation or concealment of the fact that too small a piece of bone had been used in the operation, or assurances then made as to her recovery could have no tendency to prove a fraudulent concealment of a cause of action for negligence based on performing an operation when none was needed. The plaintiff knew that she had been suffering from a sacroiliac strain for more than two years, that the operation was to be performed upon her right sacroiliac joint, and that before the operation a cast had been made upon her body to be used upon her after the operation had been completed. She testified that in October, 1921, she asked the defendant Brackett if he would consider taking out the bone that had been put in, and again, in the fall of 1922, she asked him to consider operating on her and taking out that bone. She had been treated by doctors in her home city of Hartford, Connecticut, after the operation and was in a hospital in Hartford, in June of 1924, for ten days. At this hospital, X-rays were taken and she was placed in a plaster cast. At some time prior to 1924 she had been examined by a doctor in Boston. She

testified, in substance, that at all times since the operation her condition had been worse than before.

"A cause of action cannot be said to be concealed from one who has a personal knowledge of the facts which create it." *Sanborn* v. *Gale,* 162 Mass. 412, 414. *Nudd* v. *Hamblin,* 8 Allen, 130, 132. *Tabolsky* v. *Crandon,* 259 Mass. 32. The rule that fraud cannot be presumed applies to a charge of fraudulent concealment of a cause of action. *Colby* v. *Shute,* 219 Mass. 211, 216. Ordinarily mere silence concerning the cause of action or failure to inform the plaintiff of the facts upon which her cause of action rests is not a fraudulent concealment within the meaning of the statute. *O'Brien* v. *McSherry,* 222 Mass. 147, 150. The fraud referred to in the statute must be actually accomplished by positive acts done with the intention to deceive. *Manufacturers' National Bank* v. *Perry,* 144 Mass. 313. *O'Brien* v. *McSherry, supra.* If a defendant is a deliberate wrongdoer and is also charged with the duty to disclose his wrong to the plaintiff, the rule that a plaintiff is bound by knowledge of facts which might have been learned upon inquiry may not apply. *Atlantic National Bank* v. *Harris,* 118 Mass. 147, 153. *Dean* v. *Ross,* 178 Mass. 397, 401. *Leslie* v. *Jaquith,* 201 Mass. 242, 243–244. *Jekshewitz* v. *Groswald,* 265 Mass. 413, 417. But the failure of a doctor to disclose a cause of action to a patient could not be found to be a breach of his professional duty without evidence that he knew or believed that a cause of action existed, and we discover no evidence that either defendant knew or believed that he had performed or assisted in the performance of an unnecessary operation, and none of such a violation of professional duty or concealment of facts as could establish a fraudulent concealment of the cause of action within the meaning of the statute. We are not concerned with the conduct of the defendants except in so far as it is material to this issue. Upon all the evidence considered in the light most favorable to the plaintiff the order directing a verdict for the defendant in each case was right. In each case the entry must be

*Exceptions overruled.*