*Southern District*

No. 7497

## FRANK C. AYRES
## LAURA M. AYRES
### v.
## HORMIDAS J. ROBERT

*Sgarzi, J.* The plaintiffs bring this action of contract or tort to recover damages resulting from the substitution by the defendant of an oil tank for a septic tank in the course of work done for the plaintiffs by the defendant at their home in Acushnet, Massachusetts in the fall of 1946. (*Barnet, J.*)

The declaration is in three counts, 1, for breach of contract, 2, for negligence and 3, for fraud. The answer is a general denial, allegation of contributory negligence and the Statute of Limitations.

The trial judge found the following facts which findings were amply supported by the evidence. "This is an action of contract or tort brought by the plaintiffs by writ dated February 22, 1954 whereby the plaintiffs seek to recover damages alleged to have been received by the plaintiffs as a result of the substitution by the defendant of an oil tank in place of a septic tank. From the evidence it appears that the plaintiffs engaged the defendant to furnish labor and materials in connection with certain alterations to their home. The plaintiffs needed a septic tank to take the place of a cesspool previously used by them. This was in September, 1946. At that time certain building materials were scarce. Plaintiffs ordered a tank from Sears, Roebuck & Co. and when it was delivered, the defendant, who was a contractor and builder, told the plaintiffs that it was a converted oil tank and would not serve the purpose. He offered to obtain a regular septic tank for the plaintiffs. Apparently he was unable to do so and he, himself, repurchased the converted oil tank from Sears, Roebuck & Co. but did not inform the plaintiffs what he had done. The tank was buried in the ground. From 1945 until 1953 the plaintiffs had trouble with the tank and called various plumbers to their aid. It was not until the summer of 1953 that it was first discovered that the defendant had installed the wrong type of tank. While an oil tank might have been properly converted to take the place of a septic

tank, unavailable at the time, the one installed by the defendant had not been so adapted.

While the plaintiffs made claim against the defendant and brought suit seasonably after discovering the trouble, more than six years have elapsed since the original work was done by the defendant and the tank installed. While the plaintiffs relied upon the defendant to install the proper tank, and the defendant misrepresented what he had purchased and installed, *I find and rule that his action was not the fraud contemplated by the law to halt the running of the Statutes of Limitations.*"

At the close of the evidence and before argument both parties filed requests for rulings. Of the plaintiffs' requests, the following were denied:

5. The Statute of Limitations is no defense to this action by reason of General Laws Chapter 260 Section 12. *Stetson v. French,* 321 Mass. 195.

6. The conduct of the defendant was a breach of contract between the parties, and the plaintiffs should recover on Count 1 of their declaration.

7. The conduct of the defendant was a violation of a legal duty owed to the plaintiffs and they are entitled to recover on Count 2 of their declaration. *Cronan v. Armitage,* 285 Mass. 520.

8. The conduct of the defendant was as a matter of law deceitful towards the plaintiffs and they should recover on Count 3 of their declaration.

The Court allowed all of the requests filed by the defendant, the first three of which were as follows:

1. The plaintiffs cannot recover on the pleadings.

2. The plaintiffs cannot recover on the evidence presented.

3. If the plaintiffs did have a cause of action, it was outlawed by the Statute of Limitations under General Laws, Chapter 260 Section 2 and 2A, since the plaintiffs alleged cause of action in contract has not been brought within six years next after their alleged cause of action accrued and their alleged cause

of action in tort has not been brought within two years after their alleged cause of action accrued.

The principal issue presented by the denial of the requests of the plaintiffs and the allowance of the requests of the defendant is whether the Statute of Limitations constitutes a bar to the action. The trial judge found in effect that the defendant had committed a fraud against the plaintiffs but ruled that it "was not the fraud contemplated by the law to halt the running of the Statute of Limitations."

G. L. c. 260, §12 provides: "If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action."

"A cause of action is not concealed from one who has knowledge of the facts that create it." *Stetson v. French,* 321 Mass. 195; *Tabolsky v. Crandon,* 259 Mass. 32, *Maloney v. Brackett,* 275 Mass. 479. "Ordinarily mere silence is not a fraudulent concealment and there must be something in the nature of positive acts with intent to deceive." *Manufacturers' Nat. Bank v. Perry,* 144 Mass. 313; *Connelly v. Bartlett,* 286 Mass. 311.

In the instant case the action of the defendant went beyond mere silence since it involved the positive act of burying and therefore concealing the very object which he had previously told the plaintiffs was inadequate to serve its intended purpose. In these circumstances the cause of action of the plaintiffs accrued at the moment that they became aware of the fraudulent act of the defendant.

In the case of *First Massachusetts Turnpike v. Field,* 3 Mass. 201 upon facts closely analogous to those in the instant case it was said "the delay of bringing the suit is owing to the fraud of the defendant, and the cause of action against him ought not to be considered as having accrued, until the

plaintiff could obtain the knowledge that he had a cause of action. If this knowledge is fraudulently concealed from him by the defendant, we should violate a sound rule of law, if we permitted the defendant to avail himself of his own fraud."

There was error in the denial of the 5th request of the plaintiffs and the ruling of the trial judge "that his action was not the fraud contemplated by the law to halt the running of the Statutes of Limitations."

The case is ordered remanded for a new trial on the question of damages only.

D. Zeman, for the plaintiff.

M. D. Scheinman, for the defendant.