*Northern District*
No. 8199
**AURELE SAVOIE**
v.
**JOHN ANEZIS**

Argued: May 2, 1974 - Decided: Aug. 12, 1974

*Present:* Flaschner, P.J., Forte, & Bacigalupo, JJ.

Case tried to *Tiffany, J.* in the District Court of Peabody, No. R-1150.

**Bacigalupo, J.** In this action on an oral contract the plaintiff seeks damages from the defendant for the faulty installation of plumbing by the defendant in premises of the plaintiff.

Among other defences not material to the question before us, the defendant pleaded the statute of limitations.

The trial court found for the plaintiff in the sum of $2,150.00.

The defendant seasonably filed four requests for rulings but claims to be aggrieved only by the trial court's action with respect to requests numbered one and two which requests and the disposition thereof are as follows:

> 1. "The action is barred by the Statute of Limitations which was specially pleaded by the defendant."
>
> *"Denied. See Findings of Fact."*
>
> 2. "The action is barred by G.L. Ter. Ed., Chapter 260, Section 2 limiting actions of contracts to six years."
>
> *"Denied. See Findings of Fact."*

At the trial there was evidence tending to show and the court found the following facts: "This is an action in contract for breach thereof for a plumbing installation by the builder owner against the plumbing contractor. There was testimony that the plaintiff entered into an oral contract with the defendant in the summer of 1963 to do the plumbing on a new construction for an apartment house at 1-3 Clinton Avenue, Danvers, Massachusetts and that the work was completed in June of 1964. That in September of 1964 there was the first occurrence of water backing up in the sewer line. The defendant was notified and in November of 1964 came to the property and ran a snake through to clear the sewer line. In January 1965 there was a similar problem and the defendant came and ran a machine into the sewer and furthermore a chemical was sold to the plaintiff by the defendant to aid in correcting the problem. In late 1965 or early 1966 the plaintiff broke the concrete floor in the kitchen and hall and by using a level determined the pitch to the city drain was upwards preventing a gravity flow. This was communicated to the defendant who said he would come back and correct the situation."

The court as part of its findings of fact stated:

"The primary issue to be disposed of is whether the statute of limitations is a bar to

this cause of action. Chapter 260, Section 2 of the MGLA sets forth the prescribed statutes of limitations in contract and it was determined by competent evidence that the contract was entered into in the sunmmer of 1963 and completed in June, 1964. The writ commencing the action is dated June 10, 1071, which is seven years after the cause of action accrued.''

The court found that ''From unrebutted testimony it is clear to the Court that the defect was hidden and not apparent to the plaintiff until late 1965 or early 1966 when the defect was communicated to the defendant and he agreed to come back and correct the situation. The statute of limitations would not have run in June 19, (sic) 1971, and the action being one of contract is not barred.''

The single question raised by the report is whether the plaintiff's action was barred by the statute of limitations.

G.L. c. 260, § 2 in its material part provides:

''Actions of contract — founded upon contracts or liabilities, express or implied, — shall, — be commenced only within six years next after the cause of action accrues.''

The defendant by pleading the statute of limitations placed the burden upon the plaintiff of proving that the action was commenced within the time limited. *Breen* v. *Burns*, 280 Mass. 222, 228 (1932); *Murphy* v. *Kelley*, 302 Mass. 390, 391 (1939); *Pike* v. *Proctor*,

303 Mass. 535, 536 (1939); *Saba* v. *Khouri,* 27 Mass. App. Dec. 139, 141 (1964).

 The general rule in cases of breach of contract is that the statute of limitations begins to run from the time of the breach. *Boston Tow-Boat Co.* v. *Medford National Bank,* 232 Mass. 38, 41 (1919); *Campanella & Cardi Construction Co.* v. *Commonwealth,* 351 Mass. 184 (1966).

The trial court in its findings of fact made a specific and unequivocal finding that "the writ commencing the action is dated June 10, 1971, which is seven years after the cause of action accrued."

 In view of this finding the court in order to find for the plaintiff apparently applied the provisions of G.L. c. 260, § 12 which read as follows:

"If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of such action."

For this statute to operate and toll the provisions of G.L. c. 260, § 2 there must be a *fraudulent concealment of the cause of action.*[*]

In *Sturgis* v. *Preston,* 134 Mass. 372, 373 (1883) the court said: "The Commissioners on the Revised Statutes, in their note on c.

120, § 11, (The forerunner to G.L. c. 260, § 12) say: 'In many cases of implied assumpsits, and other suits on contracts, the cause of action may remain for a long time unknown to the plaintiff; but unless that knowledge was fraudulently concealed from him, it was never supposed that he could bring his action after the expiration of six years'." (Citations)

In *Maloney* v. *Brackett*, 275 Mass. 479, 484 (1931) the court said:

" 'A cause of action cannot be said to be concealed from one who has a personal knowledge of the facts which create it.' (Citations) The rule that fraud cannot be presumed applies to a charge of fraudulent concealment of a cause of action. *Colby* v. *Shute*, 219 Mass. 211, 216.

 Ordinarily, mere silence concerning the cause of action or failure to inform the plaintiff of the facts upon which her cause of action rests is not a fraudulent concealment within the meaning of the statute. *O'Brien* v. *McSherry*, 222 Mass. 147, 150. The fraud referred to in the statute must be actually accomplished by positive acts done with the intention to deceive."

"The concealment to which the statute refers is of the cause of action and not of the injurious consequences flowing from it." *Maloney* v. *Brackett*, supra at 483.

In the case at bar the court made no finding that the defendant had fraudulently concealed

the cause of action from the plaintiff. Indeed, there is no evidence in the report which would justify such a finding. The plaintiff himself was on notice as early as Septemebr of 1964 that the plumbing system was not functioning satisfactorily. Again in January of 1965 the plaintiff had further notice that there was trouble with the system. Consequently, it cannot be said that there was any concealment, fraudulent or otherwise, by the defendant with respect to the plaintiff's cause of action. *Brackett* v. *Perry,* 201 Mass. 502 (1909).

In *Moseley* v. *Briggs Realty Co.,* 320 Mass. 278, 285 (1946), it was held that: An action by a creditor of a corporation to set aside, as a fraudulent conveyance, the payment of a dividend made while the corporation was insolvent arose upon the payment, and such a suit brought by the creditor more than six years after the payment, was barred by the statute of limitations even though the plaintiff did not discover the facts as to the payment until shortly before bringing it.

To the same effect see *Norwood Trust Co.* v. *Twenty-Four Federal Street Corporation,* 295 Mass. 234 (1936) where it was held that a sale of bonds made in violation of law could not be rescinded by the buyer except on proper tender made within six years from the date of the sale although the buyer did not know of the illegality of the sale until more than six years had passed and that the failure of the

seller to disclose to the buyer that the sale of the bonds was made in violation of law was not under G.L. c. 260, § 12 a fraudulent concealment of the buyer's right to rescind the sale.

This is not a case where the relationship between the parties was one of a trust or fiduciary nature in which case a different rule would apply. *Stetson, Adm.* v. *French*, 321 Mass. 195 (1947). See also *Hendrickson* v. *Sears*, Mass. Adv. Sh. (1974) 501.

In *Connelly* v. *Bartlett*, 286 Mass. 311, 318-319 (1934) it was said:

"The fraud which conceals a cause of action within the meaning of the statute 'must be actually accomplished by positive acts done with the intention to deceive' the plaintiff. *Maloney* v. *Brackett*, 275 Mass. 479, 484. The character of the fraud which accomplishes such concealment has been described as "active steps taken" by the defendant, *Manufacturers' National Bank* v. *Perry*, 144 Mass. 313, 314; 'Positive acts of actual and not merely constructive concealment.' *O'Brien* v. *McSherry*, 222 Mass. 147, 150; 'active fraud of a kind calculated to conceal the truth from the plaintiff,' *Jekshewitz* v. *Groswald*, 265 Mass. 413, 417."

We are not persuaded by the plaintiff's argument that the contract was not completed until the defect was discovered or that there was no way for the plaintiff to discover the

defect. The report indicates that he did in fact discover the defect in late 1965 or early 1966 and that he knew that something was wrong as early as September of 1964 and again in January of 1965.

The trial court found "that the work was completed in June of 1964." The writ dated June 10, 1971 was not commenced within the period limited by G.L. c. 260. § 2, and the plaintiff has not brought himself within G.L. c. 260, § 12. Therefore, in our opinion the court erred in denying defendant's requests for rulings numbered one and two. The finding for the plaintiff is vacated and judgment is to be entered for the defendant.